NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
RICHARD ROCHE,                      :
                                    :
           Petitioner,              :
                                    :     Civil Action No. 07-2374 (JAG)
      v.                            :
                                    :     **OPINION**
UNITED STATES OF AMERICA,           :
                                    :
           Respondent.              :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on Richard Roche's ("Petitioner") Petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Petitioner contends that his sentence is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 200 (2005), and should be vacated, and that this Court lacked subject matter jurisdiction over his underlying criminal case. For the reasons set forth below, this Court denies the petition.

I. FACTUAL BACKGROUND

      From 1992 through 1995, Petitioner was a member of a heroin trafficking organization. (Tr. of Plea, Oct. 9, 1996, 27:9-27:13, attached as Ex. A to Answer to Pet'r's Form Mot. under 28 U.S.C. § 2255 [hereinafter "Tr."].) In that capacity, he participated in a conspiracy to distribute heroin in Camden, New Jersey and, serving as the organization's hit-man, murdered

police informant, Eric Coleman. (Id. at 27:9-27:13, 29:11-29:13, 29:20-29:25.) He was charged with both substantive and conspiracy charges under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c)-(d), and, under 21 U.S.C. §§ 841, 846, with possession and conspiracy to distribute a controlled substance. (Tr. 22:11, 21:18-21:19, 22:24-22:25, 2:16-22:18). On October 9, 1996, Petitioner pled guilty to all charges and was subsequently sentenced to a 600-month term of imprisonment. (Pet'r's Form Mot. under 28 U.S.C. § 2255 [hereinafter "Form."] 1.) His sentence was upheld on appeal by the United States Court of Appeals for the Third Circuit on March 13, 1998. U.S. v. Roche, No. 97-5169, slip op. (3d Cir. Mar. 13, 1998). Subsequently, Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States, but filed the instant motion on May 21, 2007. (Answer to Mot. under 28 U.S.C. § 2255 at 3.)

II. STANDARD OF REVIEW

Section 2255 provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Further, "[i]n exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." Virgin

Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  Williams, 615 F.2d at 591.

III. ANALYSIS

    A. STATUTE OF LIMITATIONS

Petitioner's claims are time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. I, 110 Stat. 1217 ("AEDPA").  AEDPA allows a defendant one year to file a request for relief under 28 U.S.C. § 2255(f).  This one-year period runs from the latest of the four following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  A judgment of conviction becomes final when the Supreme Court of the United States affirms a conviction on its merits upon direct review, denies a petition of certiorari, or when the time for filing such a petition has expired (generally, 90 days after conviction has been affirmed by the appellate court).  Clay v. United States, 537 U.S. 522, 524-25 (2003); Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999).

3

Petitioner filed the instant matter more than one year after the date his conviction became final. His conviction was upheld on appeal on March 13, 1998, and, since Petitioner did not file a petition for certiorari, it became final ninety days later, on June 11, 1998. Therefore, under 28 U.S.C. § 2255(f)(1) the statute of limitations expired on June 11, 1999, nearly a decade before the current petition was filed. Further, Petitioner alleges no governmental action has impeded him from filing a motion nor does he allege that any new facts have been discovered, pursuant to 28 U.S.C. §§ 2255(f)(2) and (4).

Reading this motion as broadly as possible, as this Court must when addressing claims of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court concludes that Petitioner intends to base his claim on 28 U.S.C. § 2255(f)(3), that a newly recognized law is retroactively applicable to cases on collateral review. This argument also fails, because it too is untimely. Even if U.S. v. Booker were retroactively applicable, which it is not,[1] the petition is still untimely as it was filed more than one year after Booker was decided.[2] Therefore, Petitioner's claims are time-barred.[3]

---

[1] Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005) ("Because Booker announced a rule that is 'new' and 'procedural' but not 'watershed,' Booker does not apply retroactively to initial motions made under § 2255 where the judgment was final as of January 12, 2005.").

[2] Petitioner further argues that the one-year statute of limitations does not apply to the instant motion as it constitutes his second motion, although he never filed a first motion. (Form ¶ 10; Mot. to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. § 2255 (2)). This argument, being factually unsupported, is not addressed herein.

[3] Petitioner asserts on his form that he was prevented from filing the petition due to mental incompetence. (Form 6 ¶ 13.) However, Petitioner does not describe the source or form of his alleged mental incompetence. If Petitioner intends his response to question 13 to form the basis for a claim of equitable tolling, this claim fails. Equitable tolling is proper in cases of mental incompetence where a petitioner can demonstrate that he was unable to pursue his legal

Even if the petition was not time-barred, it would be denied on the merits.  Petitioner bases his claim for relief on two arguments.  First, Petitioner argues that his sentencing was unconstitutional in light of the Supreme Court of the United States' decision in U.S. v. Booker.  Second, Petitioner claims that this Court does not have subject matter jurisdiction over the underlying criminal case as Petitioner was convicted for violating state, and not federal, laws.  Both of Petitioner's claims are without merit, as explained below.

    B.  Booker Does Not Apply Retroactively To Cases On Collateral Review

Petitioner argues that the Supreme Court of the United States's decision in United States v. Booker,  543 U.S. 200 (2005), renders his sentence unconstitutional.  Petitioner further argues that, as a new rule, the decision in Booker falls under 28 U.S.C. § 2255(f)(3), making the rule "retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  However, the Court of Appeals for the Third Circuit has held that Booker is not retroactive, and therefore does not apply to final convictions that predate the Supreme Court's ruling.  Lloyd, 407 F.3d at 615-16.  Since Petitioner's judgment was final prior to January 12, 2005 (the date Booker came down), Booker does not impact his sentencing.

---

rights, "provided there is a nexus between the petitioner's mental condition and [the petitioner's] inability to file a timely petition."  United States v. Harris, 286 F. Supp. 2d 500, 506 (E.D. Pa. 2003).  Rather, the petitioner cannot be merely burdened by his condition.  The condition must absolutely prevent him from filing a timely petition.  Id. at 507 (where petitioner's depression and anxiety, even in light of the murder of her son weeks before the filing deadline, were not sufficient to have prevented a timely filing).  Here, Petitioner has not offered any evidence or explanation in support of his reference to mental incompetence.  Without a showing of the nexus between his alleged mental incompetence and his inability to file a timely petition, the doctrine of equitable tolling cannot be applied.  Petitioner's claims are therefore time-barred.

C. This Court Has Subject-Matter Jurisdiction

Petitioner argues that the acts that formed the basis of the RICO charges against him were violations of state, and not federal, law, and therefore the federal court does not have subject matter jurisdiction over his case.

The federal RICO statute incorporates state crimes, giving this Court subject matter jurisdiction over the crimes committed by Petitioner.[4] Federal courts have original jurisdiction over claims arising under the RICO statute, which directly references and incorporates conduct prohibited by state law. 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); United States v. Forsythe, 560 F.2d 1127, 1135 (3d Cir. 1977) ("RICO is a federal law proscribing various racketeering acts which have an effect on interstate or foreign commerce. Certain of those racketeering, or predicate acts violate state law and RICO incorporates the elements of those state offenses.").

Here, Petitioner admitted to possessing and selling heroin, a controlled substance, pursuant to 21 U.S.C. §§ 841, 846, and admitted to murdering Eric Coleman. (Tr. 27:8-27:12, 29:11-29:13.) While this conduct may be chargeable under state law, it also violates federal law. 18 U.S.C. § 1961. Therefore, this Court had subject matter jurisdiction over Petitioner's underlying criminal case.

---

[4] The statute explicitly states that "'racketeering activity' means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law." 18 U.S.C. § 1961.

IV. CONCLUSION

For the foregoing reasons, this Court finds that the instant motion filed by Petitioner seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255, does not present a claim that merits his sentence to be vacated, set aside or corrected.  Petitioner's claims are time-barred.  Even if the claims were not time-barred, the claims would be denied on the merits, since Booker does not apply to Petitioner's case and since this Court has subject matter jurisdiction.  Further, no certificate of appealability shall issue since Petitioner has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253.  Petitioner's motion is denied.

DATED: July 20, 2009

                                  S/Joseph A. Greenaway, Jr.
                                  JOSEPH A. GREENAWAY, JR., U.S.D.J.